WHITE & CASE LLP
1155 Avenue of the Americas
New York, New York 10036-2787
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
Scott Greissman
Richard A. Graham
Thomas E. MacWright

*Attorneys for Timur Rizabekovich Issatayev
as Petitioner and Foreign Representative*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 15 |
| JSC Alliance Bank, | Case No. 14-13194 (SHL) |
| Debtor in a Foreign Proceeding. | |

**SECOND DECLARATION OF TIMUR RIZABEKOVICH ISSATAYEV
PURSUANT TO 28 U.S.C. § 1746**

I, Timur Rizabekovich Issatayev, Ushkonyr St. 10, Kuramys Village, Almaty City, Republic of Kazakhstan, declare under penalty of perjury under the laws of the United States of America that the following is true and correct:

1. I submit this declaration (the "Second Declaration") in further support of the Verified Petition for Recognition of Foreign Main Proceeding dated November 20, 2014 (together with the Form of Voluntary Petition filed contemporaneously therewith, the "Petition"),[1] which seeks entry of an order (i) pursuant to section 1517 of the Bankruptcy Code[2] recognizing (a) the voluntary restructuring proceeding under Kazakhstan law (the "Kazakhstan Proceeding") concerning JSC Alliance Bank (the "Bank" or "Debtor") as the "foreign main

---

[1] Except as otherwise indicated, capitalized terms used herein carry the meanings ascribed to them in the Petition.
[2] Except as otherwise indicated, section and chapter references are to the Bankruptcy Code.

proceeding" (as defined in section 1502 of the Bankruptcy Code) in respect of the Bank and (b) me as the "foreign representative" (as defined in section 101(24) of the Bankruptcy Code) in respect of the Kazakhstan Proceeding, (ii) granting all the relief afforded to foreign main proceedings pursuant to section 1520 of the Bankruptcy Code, and (iii) granting further permanent relief pursuant to sections 105(a), 1507(a), 1509(b)(2)-(3), 1521 and 1525(a) of the Bankruptcy Code in support of the financial restructuring of the Debtor through a plan of reorganization in the Kazakhstan Proceeding, such plan having now been duly sanctioned by the Kazakhstan Court and the National Bank of Kazakhstan, all in accordance with applicable Kazakhstan law.

2. I make this Second Declaration on the basis of documentation in my possession or supplied to me and on facts and matters that are known to me or of which I have been informed by others. Where I have been informed by others, the information is true to the best of my knowledge and belief.

**MATERIAL EVENTS ON AND SINCE THE PETITION DATE**

3. On November 20, 2014, the Bank issued notices convening further meetings of holders of the Subordinated Tenge B Notes and the Par Tenge Notes for December 12, 2014 to consider Extraordinary Resolutions authorizing the Trustee to enter into the Deed of Release. Pursuant to the Trust Deed, the quorum requirement for first meetings of Noteholders is that the meeting be attended by holders of at least 75% of the total outstanding principal amount of the relevant series of Notes (or, while the Notes are in global form, that holders of such portion of the Notes have given voting instructions). Meetings of both such classes of Noteholders were

adjourned for lack of quorum to January 9, 2015. Notices of the adjourned meetings were issued by the Bank on December 12, 2014.[3]

4. On November 21, 2014, the National Bank of Kazakhstan approved the terms and conditions of the Restructuring Plan. Approval Order at 4 (translation). A copy of its resolution and a translation thereof are attached hereto as Exhibit B.

5. Pursuant to this Court's November 21, 2014 Order Scheduling Hearing and Specifying Form and Manner of Service of Notice, on November 21, 2014, notice of the Petition and the hearing thereon was sent via first class mail, postage prepaid, to (a) the Debtor, (b) the United States Trustee for the Southern District of New York, (c) counsel to the Steering Committee, (d) the Trustee, (e) Samruk-Kazyna, and (f) the Correspondent Banks, and on November 25, 2014, notice of the Petition and the hearing thereon was published in the National Edition of The Wall Street Journal. Proofs of mailing [Docket No. 7] and publication [Docket No. 8] are attached hereto as Exhibit C. In addition, the Trustee confirmed that it sent the notice to the clearing systems for distribution to the Noteholders. A November 24, 2014 confirmatory email from Trustee employee Les Cummings is attached here to as Exhibit D.

6. On November 24, 2014, notice of the date and location of the hearing to consider entry of the Approval Decision was sent to the Trustee for distribution to Noteholders through the clearing systems.[4] A copy of the notice and of a November 24, 2014 confirmatory email

---

[3] The Bank regularly receives updates from the Trustee on the Noteholder voting process. (A copy of such a report is attached hereto as Exhibit A.) As of December 17, 2014, no holders of the Par Tenge Notes submitted any voting instructions, and holders of KZT 11,960,618,656 in principal amount of the Subordinated Tenge B Notes submitted voting instructions (representing 57.49% of the total outstanding principal amount of the Subordinated Tenge B Notes), of which 100% voted in favor of the proposed Extraordinary Resolution. The quorum requirement decreases to 25% of the total outstanding principal amount of such series of Notes at an adjourned meeting and, in order for an Extraordinary Resolution to be passed, at least 75% of the votes cast must be cast in favor of the Extraordinary Resolution.

[4] The precise time and courtroom were later published on the Bank's website and on that of the Kazakhstan Stock Exchange.

from Trustee employee Les Cummings evidencing distribution to the clearing systems are attached hereto as <u>Exhibit E</u>.

7.   On December 11, 2014, the Kazakhstan Court entered the Approval Decision. To the best of my knowledge and belief, no objections were filed. A certified copy of the Approval Decision with an English Translation is attached hereto as <u>Exhibit F</u>. To the best of my knowledge and belief, the Approval Decision has not been challenged and contested to date, and the period to challenge and contest expires on December 26, 2014.

8.   On December 12, 2014, the Bank issued common shares of the Bank to the shareholders of Temirbank and ForteBank and received all shares in those banks.

9.   On December 15, the Restructuring Date occurred, and the Bank began to distribute Entitlements under the terms of the Restructuring Plan.

10.  As a result of dilution, Samruk-Kazyna now holds only 0.01% of the common, and its holding of preferred shares remains unchanged at 51%. It is expected that it will sell its remaining shares to Mr. Utemuratov in the near future, thus terminating its remaining obligations under the SK Undertaking. The remaining rights under the SK Undertaking consist of certain tag-along rights, which will be exercisable in connection with the sale.

11.  On December 16, 2014, the UK Court entered an order (attached hereto as <u>Exhibit G</u>) without objection granting injunctive relief (an extension of the Article 20 stay under Model Law (as adopted in the United Kingdom)) as of the termination of the Kazakhstan Proceeding on actions or proceedings in relation to debts subject to the Restructuring Plan.

12.  Attached hereto as <u>Exhibit H</u> are information packets concerning the various adjourned Noteholders' Meetings that considered the Extraordinary Resolutions, which include the minutes and voting results thereof.

13. Attached hereto as <u>Exhibit I</u> are the minutes of the Creditors' Meeting and an English translation thereof.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: December 20, 2014
      London, United Kingdom

/s/ Timur Rizabekovich Issatayev

Timur Rizabekovich Issatayev

JSC Alliance Bank
50 Furmanov Street
Almaty 050004
Republic of Kazakhstan