UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re | ) |
| | ) Chapter 15 |
| JSC Alliance Bank, | ) |
| | ) Case No. 14-13194 (SHL) |
| Debtor in a Foreign Proceeding. | ) |
| | ) |

**ORDER GRANTING PETITION FOR RECOGNITION OF FOREIGN
MAIN PROCEEDING AND MOTION FOR RELATED RELIEF [ECF NOs. 1 and 2]**

Upon consideration of the Verified Petition for Recognition of Foreign Main Proceeding and Motion for Related Relief dated November 20, 2014 [ECF No. 2] (together with the Form of Voluntary Petition [ECF No. 1], the "Petition"), the Issatayev Declaration,[1] the Second Declaration of Timur Rizabekovich Issatayev pursuant to 28 U.S.C. § 1746 (the "Second Issatayev Declaration") [ECF No. 11] and the Kornilov Declaration (together with the Petition, the Issatayev Declaration and the Second Issatayev Declaration, the "Chapter 15 Pleadings"), filed on either November 20 or December 19, 2014 by or on behalf of the Petitioner, Timur Rizabekovich Issatayev, in his capacity as the duly-appointed foreign representative of JSC Alliance Bank (the "Bank" or "Debtor"), the debtor in a voluntary restructuring proceeding (the "Kazakhstan Proceeding") concerning the Debtor currently pending before the Specialized Inter-district Economic Court of Almaty (the "Kazakhstan Court"); and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157 and the Amended Standing Order of Reference dated January 31, 2012, Reference M-431, In re Standing Order of Reference Re: Title 11, 12 Misc. 00032 (S.D.N.Y. Feb. 2, 2012) (Preska, C.J.); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. § 1410; and the Court having considered and

---

[1] Capitalized terms not otherwise defined herein have the meaning ascribed to such terms in the Petition.

reviewed the Chapter 15 Pleadings and having held a hearing to consider the relief requested in the Petition on December 22, 2014 (the "Hearing"); and it appearing that timely notice of the filing of the Chapter 15 Pleadings and the Recognition Hearing has been given to the Debtor, the Office of the United States Trustee for the Southern District of New York, the Trustee, the Steering Committee, the Correspondent Banks and any other parties required to be given notice under Bankruptcy Rule 2002(q)(1) and that no other or further notice need be provided; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is hereby

**FOUND**, that:

1.  This case was properly commenced pursuant to sections 1504 and 1515 of the Bankruptcy Code.

2.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference dated January 31, 2012, Reference M-431, In re Standing Order of Reference Re: Title 11, 12 Misc. 00032 (S.D.N.Y. Feb. 2, 2012) (Preska, C.J.).

3.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

4.  The Correspondent Accounts are property of the Debtor within this District; the Debtor is therefore "eligible" pursuant to 11 U.S.C. § 109(a), and venue is proper in this District pursuant to 28 U.S.C. § 1410(1).

5.  The Debtor has no branch, agency or other place of business within the United States, and the Kazakhstan Proceeding is therefore within the scope of application of chapter 15 of the Bankruptcy Code pursuant to 11 U.S.C. §§ 109(b)(3)(B), 1501(c).

6. The Kazakhstan Proceeding is a "foreign proceeding" within the meaning of section 101(23) of the Bankruptcy Code.

7. The Kazakhstan Proceeding is pending in Kazakhstan, which is the country in which the Debtor has the center of its main interests and, as such, the Kazakhstan Proceeding is a "foreign main proceeding" within the meaning of sections 1502(4) and 1517(b)(1) of the Bankruptcy Code and entitled to recognition as the foreign main proceeding in respect of the Debtor.

8. The Petitioner, Timur Rizabekovich Issatayev, has been duly appointed, made responsible for administering the restructuring of the Bank and designated as the foreign representative with respect to the Kazakhstan Proceeding within the meaning of section 101(24) of the Bankruptcy Code.

9. The Petition meets all of the requirements set forth in section 1515 of the Bankruptcy Code.

10. The Kazakhstan Proceeding is entitled to recognition by the Court pursuant to section 1517(a) of the Bankruptcy Code.

11. The Debtor and the Petitioner are entitled to all of the relief set forth in section 1520 of the Bankruptcy Code.

12. Appropriate notice of the filing of, and the Hearing on, the Petition was given, which notice is deemed adequate for all purposes, and no other or further notice need be given.

13. The relief granted hereby is necessary and appropriate, in the interests of the public and of international comity, not inconsistent with the public policy of the United States, warranted pursuant to sections 105(a), 1507(a), 1509(b)(2)-(3), 1520, 1521 and 1525 of the

Bankruptcy Code, and will not cause hardship to creditors of the Debtor or other parties in interest that is not outweighed by the benefits of granting that relief.

14. The relief granted hereby is necessary to effectuate the purposes and objectives of chapter 15 and to protect the Debtor and the interests of its creditors and other parties in interest.

15. Absent the relief granted hereby, the efforts of the Debtor, the Kazakhstan Court and the Petitioner in conducting the Kazakhstan Proceeding and the Restructuring Plan may be thwarted by the actions of individual creditors, a result inimical to the purposes of chapter 15 as reflected in section 1501(a) of the Bankruptcy Code.

16. Absent the relief granted hereby, the Debtor or its successor(s) in interest may be subject to the prosecution of judicial, quasi-judicial, arbitration, administrative or regulatory actions or proceedings in connection with the Designated Financial Indebtedness against the Debtor or its successor(s) in interest or their property, thereby interfering with and causing harm to, the Debtor, its creditors, and other parties in interest in the Kazakhstan Proceeding and, as a result, the Debtor, its creditors and such other parties in interest would suffer irreparable injury for which there is no adequate remedy at law.

17. Each of the injunctions contained in this Order (i) is within the Court's jurisdiction, (ii) is essential to the success of the Kazakhstan Proceeding and the Restructuring Plan, (iii) is an integral element of the Restructuring Plan and/or to its effectuation, (iv) confers material benefits on, and is in the best interests of, the Debtor and its creditors, including without limitation the Noteholders, and (v) is important to the overall objectives of the Restructuring.

For all of the foregoing reasons, and for the reasons stated by the Court on the record of the Hearing, and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED AND DECREED, that:

(A) the Petition and the Relief Requested are granted, and any objections thereto are overruled with prejudice;

(B) the Kazakhstan Proceeding is granted recognition as a foreign main proceeding (as defined in section 1502 of the Bankruptcy Code) pursuant to sections 1517(a) and (b)(1) of the Bankruptcy Code;

(C) the Petitioner is recognized as the "foreign representative" as defined in section 101(24) of the Bankruptcy Code in respect of the Kazakhstan Proceeding;

(D) the Debtor and the Petitioner are granted all of the relief set forth in section 1520 of the Bankruptcy Code including, without limitation, the application of the protection afforded by the automatic stay under section 362(a) of the Bankruptcy Code to the Debtor and to the Debtor's property that is within the territorial jurisdiction of the United States;

(E) the Petitioner is hereby (i) entrusted with the administration, realization and distribution of any and all of the Debtor's assets within the territorial jurisdiction of the United States and (ii) authorized to examine witnesses, take evidence, and deliver information concerning the Debtor and its business;

(F) as of the Effective Date, the Restructuring Plan, Approval Decision, and Termination Order are recognized, granted comity, entitled to full force and effect, and enforceable against all entities (as that term is defined in section 101(15) of the Bankruptcy Code) in accordance with their terms, and such terms shall be binding on the Debtor and all Claimants, as well as their respective heirs, successors, assigns, trustees, subsidiaries, affiliates, officers, directors, agents, employees, representatives, attorneys, beneficiaries, guardians and similar officers, or any person claiming through or in the right of such person or entity

(collectively, the "Related Parties") whether or not any such Related Party actually agreed to be bound by the Restructuring Plan or participated in the Kazakhstan Proceeding;

(G)    as of the Effective Date, any judgment, wherever and whenever obtained, to the extent such judgment is a determination of the personal liability of the Bank or its successor(s) in interest with respect to any debt cancelled, discharged or restructured under the Restructuring Plan and/or as a result of Kazakhstan law relating to the restructuring of the Bank, is unenforceable in the United States, provided however, that if such debt is restructured under the Restructuring Plan and such law, the enforceability of such judgment is impaired hereby only to the extent it is inconsistent with the Restructuring Plan and such law;

(H)    as of the Effective Date, all Claimants and Related Parties are permanently enjoined from commencing or continuing in any manner, directly or indirectly, including by way of counterclaim, any action, suit or other proceeding (including, without limitation, arbitration, mediation or any judicial, quasi-judicial, or administrative action, proceeding or process whatever in any judicial, arbitral, administrative or other forum), employing any process, or performing any act, in each case within the territorial jurisdiction of the United States, to collect, recover or offset (except as expressly provided in the Restructuring Plan) any debt cancelled, discharged or restructured under the Restructuring Plan and/or as a result of Kazakhstan law relating to the restructuring of the Bank, provided however, that if such debt is restructured under the Restructuring Plan and/or such law, such injunction applies only to the extent that commencing or continuing such action, employing such process or performing such act is inconsistent with the Restructuring Plan and/or such law;

(I)    as of the Effective Date, all Claimants and Related Parties are permanently enjoined from commencing or continuing any action (including, without limitation, arbitration,

mediation or any judicial, quasi-judicial, or administrative action, proceeding or process whatever in any judicial, arbitral, administrative or other forum), including by way of counterclaim, employing any process, or performing any act, to collect, recover or offset (except as expressly provided in the Restructuring Plan) any debt cancelled, discharged or restructured under the Restructuring Plan and/or as a result of Kazakhstan law relating to the restructuring of the Bank, against property of the Bank or its successor(s) in interest within the territorial jurisdiction of the United States, including (i) enforcing, levying, attaching (including any prejudgment attachment), collecting or otherwise recovering by any manner or means, whether directly or indirectly, any judicial, quasi-judicial or administrative judgment, award, decree, determination, assessment or order against the Bank or its successor(s) in interest or such property, or any direct or indirect transferee of or successor to any property of the Bank, or any property of such transferee or successor, or (ii) creating, perfecting or otherwise enforcing in any manner, directly or indirectly, any lien or encumbrance of any kind against such property, <u>provided however</u>, that if such debt is restructured under the Restructuring Plan and/or such law, such injunction applies only to the extent that commencing or continuing such action, employing such process or performing such act is inconsistent with the Restructuring Plan and/or such law;

  (J) as of the Effective Date, all Claimants and Related Parties are permanently enjoined from (i) transferring, relinquishing or disposing of any property of the Bank, or of any direct or indirect transferee of or successor to any property of the Bank, or any property of such transferee or successor located within the territorial jurisdiction of the United States or (ii) taking or continuing any act to obtain possession of, comingle, or exercise control over, such property, to the extent any such act under (i) or (ii) is inconsistent with the Restructuring Plan and Kazakhstan law relating to the restructuring of the Bank;

(K) as of the Effective Date, all entities (as that term is defined in section 101(15)) are permanently enjoined from commencing or continuing in any manner any suit, action or other proceeding in the territorial jurisdiction of the United States to settle any dispute that arises out of any provision of the Restructuring Plan, the Approval Decision or the Termination Order;

(L) as of the Effective Date, all entities (as that term is defined in section 101(15) of the Bankruptcy Code) subject to the Court's jurisdiction are permanently enjoined from taking any action inconsistent with the Restructuring Plan, the Approval Decision or the Termination Order, including, without limitation, against the Debtor, its successor(s) in interest or against their property within the territorial jurisdiction of the United States;

(M) as of the Effective Date, no action taken by the Foreign Representative in preparing, disseminating, applying for, implementing or otherwise acting in furtherance of the Restructuring Plan, any order entered in respect of this Motion, this chapter 15 case, any further order for additional relief in the chapter 15 case, or any adversary proceedings or contested matters in connection therewith, shall be deemed to constitute a waiver of the immunity afforded the Foreign Representative pursuant to section 1510 of the Bankruptcy Code;

(N) this Court shall retain jurisdiction with respect to the effect, enforcement, amendment, or modification of this Order, any request for additional relief and any request by an entity for relief from the provisions of this Order, for cause shown, that is properly commenced and within the jurisdiction of the Court; and

(O) this Order shall be effective and enforceable immediately upon entry and shall constitute a final order within the meaning of 28 U.S.C. § 158(a).

Dated: New York, New York
December 22, 2014

*/s/ Sean H. Lane*
UNITED STATES BANKRUPTCY JUDGE